IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY D. BRADY,

        Plaintiff,

v.                                  Civil Action No. 2:07-CV-17

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED

### I. Introduction

A.    Background

Plaintiff, Gary D. Brady, (Claimant), filed his application for award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on December 4, 2008.[1] Commissioner did not file a response to the application. A hearing was held before this Court on January 5, 2009

B.    The Motion

Claimant's application for award of attorney's fees under the Equal Access to Justice Act.

C.    Recommendation and Order

I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED**. Commissioner's position the ALJ failed to adequately

---

[1] Docket No. 29

consider the medical opinions of Drs. Lauderman, Lim and Pavlovich when formulating Claimant's RFC, as well as Commissioner's position the ALJ properly evaluated Claimant's impairments under Listing 1.04 were substantially justified despite being denied by the Court.

## II. Facts

Claimant filed his complaint on February 23, 2007, seeking judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[2] Commissioner filed his answer on November 14, 2007.[3] Claimant filed his motion for summary judgment on December 14, 2007.[4] Commissioner filed his motion for summary judgment on March 14, 2008.[5] This Court entered a report and recommendation on August 15, 2008, recommending that the action be granted in part and denied in part and remanded for further administrative proceedings because the ALJ did not evidence sufficient consideration of the reports of Drs. Lauderman, Lim and Pavlovich and because the ALJ failed to sufficiently explain his rationale for finding Claimant's spinal impairment did not meet or equal Listing 1.04.[6] On September 5, 2008, the Honorable Robert E. Maxwell, United States District Judge, entered an order accepting and adopting the report and recommendation in its entirety.[7]

---

[2] Docket No. 1

[3] Docket No. 13

[4] Docket No. 19

[5] Docket No. 24

[6] Docket No. 26

[7] Docket No. 15

### III. Claimant's Application for Award of Attorney's Fees

A.     Contentions of the Parties

Claimant contends that the Court should award attorney fees because the legal and factual arguments of Commissioner in support of the ALJ's opinion were not substantially justified.  Specifically, Claimant argues Commissioner was not substantially justified in arguing 1) the ALJ adequately considered the medical opinions of record when formulating Claimant's RFC and 2) the ALJ complied with the directives of Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986) when discussing Listing 1.04.  Claimant notes Commissioner did not file objections to the Undersigned's report and recommendation that the case be remanded.

Commissioner contends that his position in opposing an award of benefits was substantially justified.  In the event the Court finds Commissioner lacked substantial justification, Commissioner asks for a reduction in the fee Claimant seeks.

B.     The Standards

1.     EAJA Fees to Prevailing Party.  Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

2.     General Eligibility Requirements.  In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement.  28 U.S.C. § 2412; Crawford, 935 F.2d at 656.

3. <u>Substantial Justification - Definition</u>. Substantial justification means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified. <u>Pierce v. Underwood</u>, 487 U.S. 552, 565-69 (1988). The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits. <u>Crawford v. Sullivan</u>, 935 F.2d at 657. Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Pierce</u>, 487 U.S. at 565.

4. <u>Substantial justification - Burden of Proof</u>. In the district court, the government has the burden of showing substantial justification. <u>Lively v. Bowen</u>, 858 F.2d 177, 180 (4th Cir. 1988).

5. <u>Substantial justification - Independent Determination by the Court</u>. While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position. <u>Campbell v. Bowen</u>, 800 F.2d 1247, 1249 (4th Cir. 1986).

6. <u>Substantial justification - Law and Fact</u>. The government's position must be substantially justified in both fact and law. <u>Pierce</u>, 487 U.S. at 565; <u>Crawford</u>, 935 F.2d at 656. An accurate recital of law by the government cannot excuse a substantially unjustified position on the facts. <u>Thompson v. Sullivan</u>, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

7. <u>Substantial justification - Disputed Facts</u>. Where eligibility for benefits turns on

4

disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim. Thompson, 980 F.2d at 282.

8. Substantial justification- Arguably Defensible Administrative Record. A position based on an arguably defensible administrative record is substantially justified. Crawford, 935 F.2d at 658. Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified. Sigman v. U.S. Dep't. of Health and Human Servs., 961 F.2d 211 (4th Cir. 1992) (unpublished).

9. Substantial justification - Government Ignores the Law. Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action. Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986). The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees. Id. at 382. A policy of non-acquiescence cannot be substantially justified. Thompson, 980 F.2d at 283.

10. No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded. Commissioner is not automatically liable for attorney's fees every time he loses a case. Crawford, 935 F.2d at 657. There is no "presumption that the government position was not substantially justified, simply because it lost the case." Id. (citing Tyler Business Services, Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). Even when the case is remanded for reconsideration of the original denial of benefits and Commissioner ultimately reverses his original position, the government can still demonstrate that its original position was substantially justified. Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

11. Substantial Justification versus Substantial Evidence. The substantial justification

inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991). Whether an ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question). Cook, 935 F.2d at 1285. While obviously related, the two standards "do not logically compel the same answers or even raise legal presumptions in that direction." Id.

12. Final Judgment - Timely Filing of Application. A party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated. 42 U.S.C. § 2412(d)(1)(B).

14. Final Judgment - Prevailing Party - Generally. A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

15. Final Judgment - Sentence Four Remand - When the Filing Period Begins. The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). When the United States is a party, the period for appealing the judgment is 60 days. Fed. R. App. P. 4.

16. Final Judgment - Sentence Four Remand - Formal Judgment. Because a remand

order under sentence four is final for all purposes, it must be accompanied by a formal judgment under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).

17. Discretion to Award Attorneys' Fees. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

C. Discussion

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. Crawford, 935 F.2d at 656.

1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court he succeeded on a significant issue in the litigation which achieved some of the benefit she sought in bringing the suit. Hensley, 461 U.S. at 433.

2. Timely Filing

The district court entered its order accepting and adopting the Undersigned's report and recommendation on September 5, 2008. The order advised that an application for attorney's fees under EAJA must be filed within 90 days from the date of the order. Claimant therefore had

until December 4, 2008, to submit an application. Claimant filed his application for attorneys' fees on December 4, 2008, along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed within the time frame set out in the Court's order of September 5, 2008. The motion was timely filed.

### 3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

### 4. Substantial Justification

A party who prevails in litigation against the United States is entitled to attorney's fees under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. The government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce, 487 U.S. at 565).

The issue is in the present case is whether Commissioner's position in support of the ALJ's opposing the awarding of benefits was substantially justified. Commissioner maintains that he was substantially justified in defending the case and that he relied on a defensible administrative record in this case.

As reflected in the record, the District Court in this case found a "significant amount of evidence supporting the ALJ's decision [that Claimant could perform light work]." (R&R P. 43). However, the District Court ultimately remanded the case because the ALJ did not

8

sufficiently document his consideration of a portion of Dr. Lauderman's October 2003 report and the entirety of Dr. Lim's October 2003 report and because he failed to address the inconsistency between Dr. Lauderman's assignment of an admittedly "light" RFC to Claimant and the doctor's ultimate conclusion in the same report that Claimant was limited to sedentary work. Despite the fact that the District Court found that substantial evidence did not support the ALJ's conclusion on this issue, this Court finds that the ALJ did not intentionally mis-apply the law to the specific facts of this case. The Court concludes the Commissioner's position the ALJ adequately considered the medical opinions of record when formulating Claimant's RFC was substantially justified.

Claimant also alleges that the ALJ's failure to comply with Cook when discussing Listing 1.04 is grounds for an award of attorney fees in this case. While the Undersigned agrees with Claimant that the ALJ in the present case failed to sufficiently explain his rationale for finding Claimant's spinal impairment did not meet Listing 1.04 and failed to compare Claimant's symptoms with the criteria in Listing 1.04, the ALJ nevertheless set forth a large amount of evidence relating to Claimant's spinal impairment. The District Court remanded the case on this issue for further explanation, but does not specifically state that the ALJ's finding on this issue was not supported by substantial evidence. The ALJ provided an explanation finding that the Claimant did not meet Listing 1.04 (Tr. 90) which outlined both a legal and factual basis supporting his decision. Furthermore, numerous doctors found that Claimant could do light and sedentary work.

The Commissioner's position was justified in both fact and law, and was therefore substantially justified. The Court so finds despite the fact Claimant's position was also arguably

9

reasonable and ultimately adopted by the Court.

Accordingly, relief should be denied.

## IV.  Recommendation

Based on the forgoing, I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED**.  Commissioner's position the ALJ adequately considered the medical opinions of record when formulating Claimant's RFC and complied with the directives of Cook when discussing Listing 1.04 was substantially justified, despite being denied by the Court.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk is directed to transmit a copy of this Report and Recommendation to counsel of record.

DATED: January 14, 2009

*/s/ James E. Seibert*
JAMES E.  SEIBERT
UNITED STATES MAGISTRATE JUDGE