IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

GARY D. BRADY,

        Plaintiff,

v.

                                      CIVIL ACTION NO. 2:07-CV-17
                                       (BAILEY)

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

## ORDER

The above-styled matter is before this Court for consideration of the Report and

Recommendation (R&R)(Doc. 33) of United States Magistrate Judge James E. Seibert on

the Plaintiff's Motion for Attorney Fees (Doc. 29). Magistrate Judge Seibert filed his R&R

on January 14, 2009, wherein the parties were directed, in accordance with 28 U.S.C. §

636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days

after being served with a copy of the R&R. Plaintiff filed his objections on January 21, 2009

(Doc. 34), defendant responded to the Objections on February 2, 2009 (Doc. 35), and

plaintiff filed a Reply on February 9, 2009 (Doc. 36). Accordingly, this Court will conduct

a *de novo* review of the Magistrate's R&R.

On February 23, 2007, plaintiff filed his complaint seeking judicial review of an

adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C.

§1383(c)(3). By Order entered on September 5, 2008 (Doc. 27), United States District

Judge Robert E. Maxwell, adopting the Report and Recommendation of Magistrate Judge

Seibert (Doc. 26), reversed the decision of the Commissioner of Social Security and

remanded this matter to the Commissioner for further proceedings. Subsequently, on December 4, 2008, the plaintiff filed his Motion for Attorney Fees (Doc. 29). On January 5, 2009, Magistrate Judge Seibert held an evidentiary hearing on the matter, resulting in his January 14, 2009 R&R recommending the plaintiff's Motion for Attorney Fees be denied. In so recommending, the Magistrate found that the Commissioner's position that the ALJ adequately considered the medical opinions and properly evaluated Claimant's impairments under Listing 1.04 were substantially justified despite being denied by the Court. The plaintiff objects to both findings.

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised in the plaintiff's Motion for Attorney Fees were thoroughly considered by Magistrate Judge Seibert in his R&R. As properly noted by the Magistrate Judge, four elements must be met in order to establish eligibility for an award of attorney's fees under the Equal Access to Justice Act: (1) the claimant is the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). In regard to the second element, the United States Supreme Court has held that substantial justification means justified in substance or in the mains rather than justified to a high degree. *Pierce v. Underwood*, 935 F.2d 522, 565-69 (1988). Significantly, substantial justification requires at a minimum "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Government has the burden of showing substantial justification. *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Nevertheless, the question of whether the record demonstrates substantial justification for

a litigation position is one accorded to the sound discretion of the district court. *Campbell v. Brown*, 800 F.2d 1247, 1249 (4th Cir. 1986); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991). If the Commissioner's position is based on an arguably defensible administrative record, then it is substantially justified. *Crawford*, 935 F.2d at 658. There is no "presumption that the government's position was not substantially justified, simply because it lost the case." *Crawford*, 935 F.2d at 656 (citing *Tyler Business Services, Inc. v. NLRB*, 695 F.2d 73, 75 (4th Cir. 1982)).

Turning to the case at bar, this Court finds, as did the Magistrate Judge, that the Commissioner was substantially justified in defending the ALJ's consideration of medical opinions when formulating plaintiff's RFC, as well as in defending the ALJ's evaluation of plaintiff's impairments under Listing 1.04. This Court, in remanding the matter, adopted Magistrate Judge Seibert's R&R (Doc. 26), which found that the record was not adequately developed such that a determination could be made whether the ALJ's conclusion was supported by substantial evidence. As earlier noted, this creates no presumption that the Government, in it's defense of the record before this Court, was not substantially justified in its position. *See e.g. Sigman v. United States Dept. of Health & Human Services*, 961 F.2d 211, 1992 WL 90281 (4th Cir. 1992) ("Merely because the Secretary's original decision has been found to be based on an inadequately developed record does not mean that the position could not be substantially justified."). Even though this Court, through adoption of the R&R, ultimately found that it could not be certain that the ALJ had fully explored all relevant facts for the adequate development of the record in formulating the plaintiff's RFC, it was still noted that there was a significant amount of evidence supporting the ALJ's light RFC finding. *See* Doc. 26 at 44-45. Further, while this Court also ultimately

found that the ALJ failed to sufficiently explain his rationale for finding that the plaintiff's spinal impairment did not meet Listing 1.04, the R&R also noted that the ALJ did undertake an in-depth analysis of the evidence relating to the plaintiff's spinal impairment. See Doc. 26 at 47. Therefore, this Court finds that the Commissioner was substantially justified, though ultimately unsuccessful, in defending the administrative record. In recognition of the above, this Court notes that it is this arguably defensible administrative record, and not any post-hoc rationales, that serves as the basis for the Court's decision. *See* **Crawford**, 935 F.2d at 658. In short, and in light of the record, it simply cannot be said that the Commissioner's position was unreasonable or devoid of substantial justification. Defendant's objections are overruled.

The Court, upon an independent *de novo* consideration of the record, is of the opinion that the proposed R&R (Doc. 33) accurately reflects the law applicable to the facts and circumstances before the Court in this matter. Accordingly, it is

**ORDERED** that Magistrate Judge Seibert's R&R (Doc. 33) be, and the same hereby is, **ADOPTED.** In accordance with the R&R, it is further

**ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 29) shall be, and the same hereby is, **DENIED.**

The Clerk of Court is directed to transmit copies of this Order to counsel of record.

**DATED**: April 11, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE